DEBORAH M. SMITH
Acting United States Attorney

KEVIN FELDIS
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, Room 253, #9
Anchorage, Alaska  99513-7567
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail: kevin.feldis@usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | No. 3:05-cr-110-01(RRB) |
| ) | |
| Plaintiff,    ) | |
| ) | GOVERNMENT'S |
| vs.    ) | SENTENCING |
| ) | MEMORANDUM |
| DWAYNE DOLLISON, JR.,    ) | |
| ) | |
| Defendant.    ) | |
| ) | |

GOVERNMENT'S SENTENCING MEMORANDUM

COMES NOW the United States Attorney's Office, by and through counsel, and respectfully submits this Sentencing Memorandum regarding the defendant, DWAYNE DOLLISON, JR., who is scheduled to be sentenced on February 15, 2006.  For the reasons provided below, the government concurs with the

recommendations made by the final presentence report and recommends a sentence of 27 months.

I.     BACKGROUND

On December 5, 2005, the defendant pled guilty to two counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). During his plea colloquy, the defendant admitted that on two separate occasions in September of 2005, he unlawfully possessed a firearm, which was transported in interstate commerce, having previously been convicted of a crime punishable by imprisonment for a term exceeding one year.

II.    SENTENCING CALCULATION

    A.    Statutory Maximum Sentence

The maximum sentence that may be imposed on the defendant is ten (10) years imprisonment, a $250,000 fine, three (3) years supervised release and a $100 special assessment.

    B.    Sentencing Guidelines Calculation

As noted in the Addendum to the Presentence Report ("PSR"), the United States did not have any objections to the PSR and the defendant's objections have all been resolved. The guideline imprisonment range is 21-27 months.

III.   GOVERNMENT'S SENTENCING RECOMMENDATION

The government respectfully recommends that the court impose a sentence at the high end of the sentencing range.  When considering the factors set out in 18 U.S.C. § 3553, several factors are particularly relevant in this case: the nature and circumstances of the offense and the history and characteristics of the defendant; the need for the sentence imposed to afford adequate deterrence to criminal conduct; and, to protect the public from further crimes of the defendant.

The defendant's criminal history is extensive.  While a juvenile, the defendant had no less than six contacts with police resulting in adjudications for crimes ranging from criminal trespass on school property to first degree vehicle theft of both an Alamo rent-a-car and a privately owned van (two different adjudications) and fourth degree misconduct involving a controlled substance for selling drugs to other high school students.  This does not include four contacts with law enforcement from ages 6 to 12 years for slashing tires, third degree criminal mischief, second degree theft for shoplifting from Fred Meyers, and Domestic Violence Assault against his mother at age 12.  None of this conduct has been counted toward the calculation of his criminal history category.

In less than six years as a young adult, the defendant has accumulated seven convictions for crimes including first degree vehicle theft, malicious destruction of

property, assault, attempted forgery, and second degree theft.  Pursuant to U.S.S.G. § 4A1.1(c), only four of the six prior convictions resulting in less than 60 days of jail time have been counted toward the calculation of his criminal history category. Ultimately, for sixteen years the defendant has exhibited a consistent and unrelenting pattern of criminal conduct involving thefts, assaults, and drug abuse, that has often spiked in extremely dangerous, threatening behavior involving the use of firearms.

    Here, the defendant was involved in similar such conduct.  The defendant here appears to have been engaged in the trafficking of firearms, even stolen firearms, including .45 caliber semi-automatic handguns.  The defendant is not deserving of the low end of the guideline range; he was involved in conduct very different from a person found in possession of a hunting rifle who had been convicted of one felony many years earlier.

    When considering the sentencing factors in 18 U.S.C. § 3553, particularly sections (a)(1), and (a)(2)(A), (B) and (C), a sentence at the high end of the sentencing range of 21-17 months is appropriate.  Such a sentence would recognize the seriousness of defendant's offense conduct, afford adequate deterrence to future criminal conduct and, meanwhile, protect the public from further crimes of the defendant.

The government recommends that the defendant be sentenced as follows:

(1)  **27 months in custody**;

(2)  **No fine is requested** due to the defendant's inability to pay;

(4)  **A three (3) year period of supervised release,** and

(5)  **A special assessment in the amount of $100.00** is, of course, required.

RESPECTFULLY SUBMITTED this 14th day of February, 2006 at

Anchorage, Alaska

>DEBORAH M. SMITH
>Acting United States Attorney
>
>s/ David A. Nesbett for
>KEVIN FELDIS
>Assistant U.S. Attorney
>222 West 7th Ave., #9, Rm. 253
>Anchorage, AK 99513-7567
>Phone: (907) 271-5071
>Fax: (907) 271-1500
>E-mail: kevin.feldis@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on February 14, 2006,
a copy of the foregoing was served
electronically on:

Allan Beiswenger
Attorney at Law

s/ David A. Nesbett