IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DWAYNE DOLLISON JR. )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:05-CR-0110 RRB<br><br>**SENTENCING MEMORANDUM ON BEHALF OF DWAYNE DOLLISON, JR.** |

COMES NOW Dwayne Dollison, Jr., by and through his attorney, Allan Beiswenger, and hereby submits his sentencing memorandum for the Defendant's Re-Sentencing scheduled for January 17, 2007.

**A.     Applicable Guideline Range**

There are no disputed guideline issues in this case. The presentence author correctly determined that the appropriate base offense level is 14, and after a decrease for acceptance of responsibility, the total offense level is 12. The criminal history category is IV.[1] The resulting guideline imprisonment range would be 21 to 27 months. This was believed to be the relevant range by both the Defendant, and the government, at the time of Mr. Dollison's plea on December 5, 2005. As part of its agreement with Mr. Dollison, the government indicated that it would not seek a sentence outside of the guideline range.

---

[1] The presentence report indicates in paragraph 52 that the total criminal history points is eight. Mr. Dollison has three points for his prior felony, four points for misdemeanor convictions, and two points for being on probation, for an apparent total of nine points. This would not, however, affect the criminal history category.

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

**B.    Appropriate Sentence**

The decision in *United States v. Booker,* 125 S.Ct. 735(2005) holds that the Federal Sentencing Guidelines are advisory. In the Ninth Circuit Court of Appeals decision in *Zavala v. United States*[2] the court held that District Courts may consider the guideline range as a "starting point" but that they should not be accorded undue weight. District Courts

> ". . . must properly use the Guideline calculation as advisory and start there, but they must not accord it greater weight than they accord the other Sec. 3553(a) factors. Rather, they must consider all of the information before them, as they used to do, and then reach for the correct sentence under all the circumstances."[3]

The relevant factors set forth in 18 U.S.C. Sec 3553(a) for sentencing are as follows:

A.    Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider – –

1.    the nature and circumstances of the offense and the history and characteristics of the defendant;

//

//

---

[2] 443 F.3d 1165, 1171 (9th Cir. 2006).
[3] *Id.*

    2. the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

      a. to afford adequate deterrence to criminal conduct;

      b. to protect the public from further crimes of the defendant; and

      c. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

    3. the kinds of sentences available;

    4. the kinds of sentence and the sentencing range established for – –

      a. the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines – –

        i issued by the Sentencing Commission pursuant to <u>section 994(a)(1) of title 28, United States Code</u>, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

        ii that, except as provided in section 3742(g) [<u>18 USCS § 3742(g)</u>], are in effect on the date the defendant is sentenced; or

SENTENCING MEMORANDUM  CASE NO. 3:05-CR-0110 RRB
United States v. Dwayne Dollison, Jr.,  Page 3 of 7

      b.    in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to <u>section 994(a) (3) of title 28, United States Code</u>, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

      5.    any pertinent policy statement – –

      a.    issued by the Sentencing Commission pursuant to <u>section 994(a) (2) of title 28, United States Code</u>, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

      b.    that, except as provided in section 3742(g) [<u>18 USCS § 3742(g)</u>], is in effect on the date the defendant is sentenced.

      6.    the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

      7.    the need to provide restitution to any victims of the offense.

See also *Booker,* 125 S.Ct. at 764.

The various factors provide a common sense approach to protect society, reaffirm societal norms, provide treatment for a defendant, and bring respect for the process.

Mr. Dollison submits that the lower end of the applicable guidelines sentencing range of 21 months should be viewed as a maximum sentence in this case. Though Mr. Dollison does have a fairly significant criminal history for someone now twenty-four years of age, his offenses are not atypical for individuals from similar backgrounds. As the presentence report reflects, Mr. Dollison was treated as a juvenile for some behavioral problems. Though he has habitually used marijuana, he has been able to avoid use of "harder" drugs.

When the Court initially sentenced Mr. Dollison on February 16, 2006, the Court discussed a prior offense for which Mr. Dollison was convicted of Theft in the Second Degree, and quoted portions of the police reports that suggested that Mr. Dollison had actually been guilty of a more serious offense. Presentence Report, Paragraph 47, at p. 10. To the extent the police reports suggest more serious conduct than the theft for which Mr. Dollison was convicted; Mr. Dollison would deny such conduct.

Like many young men, Mr. Dollison has a great deal of unrealized potential. He is intelligent and articulate, and relates well with people. He has the responsibility of being a father to his three young children. When the Court initially imposed sentence in this case, Mr. Dollison was advised as follows:

> "[T]hus far in your life, you have not been willing to make the proper choices. You have thus far in your life not been willing to live as a law-abiding citizen, and for all of these years, you have jeopardized any community that you've resided in. You can change. Today is the first day of the rest of your life. Prove it to us that you can change, and we'll see what happens."

Mr. Dollison has taken the Court's comments to heart. Following his sentencing, Mr. Dollison was transferred to the Atwater Penal Institution in California.

Mr. Dollison has participated in all of the programs that are available to him. He is participating in the drug rehabilitation program. Mr. Dollison has passed the mathematics portion of his GED exam and has taken practice exams for the other subjects and will be taking the GED exams as soon as they are available. Mr. Dollison has had no write-ups, and has worked as a maintenance man for his section.[4]

Mr. Dollison may be filing as attachments various documents from the Atwater Federal Penal Institution, documenting his participation in the various programs.

Mr. Dollison would again request that the Court enter a sentence at the lower end of the guideline range, recognizing his youth, his desire to change, and his efforts towards rehabilitation.

DATED: January 5, 2007

        LAW OFFICES OF
        ALLAN BEISWENGER
        Attorney for Defendant
        Dwayne Dollison, Jr.

        s/ Allan Beiswenger
        1101 W 7th Avenue
        Anchorage, AK 99501
        Phone: (907) 868-1280
        Fax: (907) 258-6419
        E-mail: beiswenger@ak.net
        Alaska Bar No. 7706074

---

[4] Mr. Dollison recognizes that Federal Sentencing Guideline Sec. 5K2.19 states that post-sentencing rehabilitation efforts ". . . are not an appropriate basis for a downward departure when resentencing the defendant for that offense". However, since the guidelines are "advisory", it is submitted that the Court can consider such rehabilitative efforts. See *United States v. Green,* 152 F.3d 1202 (9th Cir. 1998).

1

2  **CERTIFICATE OF SERVICE**
I hereby certify that on 5 January 2007, a copy of the foregoing was served electronically on Kevin Feldis, Assistant U.S. Attorney and Scott Dattan.

3

4  s/Allan Beiswenger

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25