IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>DWAYNE DOLLISON JR. )<br>)<br>Defendant. )<br>_____ ) | Case No. 3:05-CR-0110 RRB |

**DEFENDANT'S MEMORANDUM REGARDING RELEASE VIOLATION**

Mr. Dollison is before the Court for six (6) violations of his supervised release occurring between August 19, 2007, and January 8, 2008. They are all Grade C violations, four of which involve failures to report for drug testing. The other two are for an admitted use of marijuana, and a failure to comply with mental health treatment recommendations. While the VIOLATION DISPOSITIONAL REPORT correctly notes that the Revocation Table Imprisonment Range is 6-12 months (USSG Sec. 7(B)1.4(a)), the sentence recommended by the U.S. Probation Officer is 12-24 months (24 months is the maximum) based upon an unproven, and denied, allegation of a B violation for possession of a firearm.

Mr. Dollison denies that he "knowingly" possessed a firearm on or about January 1, 2008. Mr. Dollison does not dispute that a firearm was found in the front <u>passenger</u> compartment of the vehicle that he was driving, but he denies any connection to the firearm or knowledge of its presence. Fingerprint analysis has been

Allan Beiswenger
Attorney at Law
1101 W 7th Ave.
Anchorage, AK 99501
(907) 868-1280
Fax (907) 258-6419

completed and none of Mr. Dollison's fingerprints were located on the firearm, and DNA analysis has not been completed. If the Government has sufficient evidence to prove that Mr. Dollison was in possession of the firearm, new charges can be brought.[1] However, it would be inappropriate for this Court to sentence Mr. Dollison based, in part, upon conduct that is neither admitted, nor proven.

It is acknowledged that Mr. Dollison is likely not a good candidate for supervised release. As is reflected in the Dispositional Report, the circumstances of Mr. Dollison's life make compliance with supervised release difficult if not impossible. He is separated from his wife, with whom he has two children. He has attempted to stay involved with another child that resulted from a relationship with another woman, Vanessa Gamage, and was residing with yet another girlfriend, Brittany Landrum, during his release. Many of his family members, and friends, have criminal records. Though he has his G.E.D. (completed during his incarceration), he has few job skills. Mr. Dollison was unable to successfully juggle his various relationships, yet comply with the supervised release requirements that included maintaining steady employment and submitting to drug testing. But the violations do not establish that he is a "danger" to the community, only that he has exercised poor judgment in terms of his many entanglements, and has had difficulty meeting the many requirements of supervised release.

//

---

[1] See 18 U.S.C. Sec. 922(g)(1).

DEFENDANT'S MEMORANDUM REGARDING RELEASE VIOLATION   CASE NO. 3:05-CR-0110 RRB
U.S. of A vs. D. Dollison, Jr.                                                                      Page 2 of 4

It should be noted that on the four occasions when Mr. Dollison failed to report for drug tests, he did contact his probation officer, and subsequently submitted to drug tests that were negative, with the exception of a test completed on September 18, 2007 (following the missed test on September 14, 2007).  However, Mr. Dollison had admitted using marijuana on August 19, 2007, and the positive test result was likely from residual drugs in his system from his self-disclosed use of marijuana. Subsequent drug tests were negative.

Mr. Dollison did make use of his time during his period of incarceration, and as previously stated, completed his G.E.D.  He also participated in a number of other programs.  See Attachments C-H.

**REQUESTED DISPOSITION**

As the Violation Disposition Report indicates, there are no identified factors which would warrant a departure from the Imprisonment Range of 6-12 months. Report, Part F, Paragraph 80, at p. 17.  It would be Mr. Dollison's position that the Court  should impose a sentence of 10 months, with no supervised release to follow.  Alternatively, if the Court believes that a period of supervised release is appropriate, it is requested that pursuant to U.S.S.G. Sec. 7B1.3(c)(2) and U.S.S.G. Sec. 5C1.1(e)(2) or (3), that  Mr. Dollison be sentenced to six (6) months, and be allowed to serve one-half of any sentence imposed either in home detention, or in a half-way house.

If the Court sentences Mr. Dollison to the maximum of the range provided (12 months), it is requested that the sentence be for 12 months and one day, so that Mr. Dollison can qualify for "good time credit" pursuant to 18 U.S.C. Sec. 3624(b)(1).

DATED: March 31, 2008

      LAW OFFICES OF
      ALLAN BEISWENGER
      Attorney for Defendant
      Dwayne Dollison, Jr.

      s/ Allan Beiswenger
      1101 W 7th Avenue
      Anchorage, AK  99501
      Phone: (907) 868-1280
      Fax: (907) 258-6419
      E-mail: beiswenger@ak.net
      Alaska Bar No. 7706074

**CERTIFICATE OF SERVICE**
I hereby certify that on 31 March 2008, a copy of the foregoing was served electronically on Kevin Feldis, Assistant U.S. Attorney.

s/Allan Beiswenger